[No. 20313. Department One. April 22, 1927.]

THOMAS A. E. LALLY, *Respondent*, v. JOHN REILLY *et al.,*
*Appellants.*[1]

[1] APPEAL (456)—REVIEW—HARMLESS ERROR—ERROR CURED BY WITHDRAWING EVIDENCE. In an action for reasonable legal services, error in plaintiff's testifying that he took into consideration the "wealth or poverty" of the client, is cured by striking the evidence.

[2] TRIAL (51)—ARGUMENT OF COUNSEL—OBJECTIONS AND EXCEPTIONS. Error cannot be assigned upon improper argument to the jury, where it was not objected to at the time, or direction asked.

[3] WITNESSES (74)— CROSS-EXAMINATION — SCOPE AND EXTENT. Where defendant, on direct examination, gave his business as that of farming, it is not an abuse of discretion to allow cross-examination to show that he owned a number of city apartment houses.

[1]Reported in 255 Pac. 923.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered June 28, 1926, upon the verdict of a jury in favor of the plaintiff, in an action for legal services. Affirmed.

*John M. Gleeson* and *Harold M. Gleeson,* for appellants.

*Thomas A. E. Lally,* for respondent.

MAIN, J.—By this action the plaintiff sought to recover the sum of one thousand dollars as the reasonable value for legal services rendered. The answer of the defendants admitted the employment and alleged that the services performed were in pursuance of an express contract for two hundred fifty dollars. The allegation of an express contract was denied by the reply. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of five hundred dollars. The defendants made a motion for judgment notwithstanding the verdict and in the alternative for a new trial, both of which were overruled. Judgment was entered upon the verdict, from which the defendants appeal.

Upon the question as to whether there was an express contract between the parties to pay a specific amount, or whether there was no express agreement, the evidence is in direct conflict and the jury's verdict settles this question. The evidence which came into the case, of which the appellants complain, bore upon the issue as to what the contract really was, and there was no error in its admission.

[1] The appellants complain because they say that their ability to pay was injected into the case by the respondent. When the respondent was testifying as to what was the reasonable value of the services which he had rendered, he stated that he took into consideration

a number of things, specifying them, one of which was "the wealth or poverty of the client." On motion, the quoted clause was stricken and the error, if any, was thereby cured.

[2] The appellants say that the same thing was brought before the jury in the respondent's closing argument. The argument, however, was not objected to at the time and the court was not moved to direct the jury to disregard it. No error therefore has been preserved.

[3] The appellants object to the scope of the cross-examination of the appellant John Reilly, which tended to show that he was the owner of a number of apartment houses in the city of Spokane. On direct examination, the witness had been asked what his business or occupation was and he had stated that of farming. The scope of the cross-examination is largely in the discretion of the trial court, and the record in this case does not indicate that that discretion was abused.

There is some objection to the instructions, but we find no error in this regard. The issues in the case were properly submitted to the jury by instructions to which there is no legal objection. As stated, the real question was one of fact and this was determined by the verdict of the jury.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.