[No. 31998. Department One. April 24, 1952.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN ELLSWORTH, *Appellant*.[1]

[1]Reported in 242 P. (2d) 1019.

*L. C. Brodbeck,* for appellant.

*Charles O. Carroll* and *E. Theme Carras,* for respondent.

GRADY, J.—The appellant was convicted of the crime of grand larceny. His act consisted in the taking of a purse containing $16 from the person of the complaining witness.

The statute under which appellant was tried is RCW 9.54.090. It defines one method of committing grand larceny as follows:

"Every person who steals  .  .  .

"(1) Property of any value by taking the same from the person of another  .  .  ."

It was the contention of appellant at the trial, and it is now urged in this court, that inasmuch as the value of the property stolen was less than $25 he could be convicted of no offense greater than petit larceny, and it was error for the court to refuse to submit that issue to the jury. The argument is made that there are two degrees of larceny measured by the value of the property stolen, and that under any charge of grand larceny, petit larceny is an included offense, and, therefore, it necessarily follows that if there is evidence that the value of the property stolen is less than $25 the jury must be instructed on the law governing the lesser offense.

Appellant cites and relies on the case of *State v. Clem,* 49 Wash. 273, 94 Pac. 1079. At the time of the commission of the offense charged in that case, the statutes of this state defined three different larcenies—grand larceny, larceny from the person, and petit larceny—and sought to regulate the punishment in proportion to the offense. We decided that the statute defining larceny from the person did not create a new offense, but such statute recognized that there were degrees of larceny and they were included in an information charging the higher offense. We held in accordance with the general rule that it was proper for a jury on an information charging the higher offense to find the accused guilty of any one of the lesser offenses that the facts proven would warrant.

■ The statute under which the appellant was convicted is a part of the criminal code enacted in 1909. The act defined grand larceny and petit larceny. Instead of providing different degrees of grand larceny, the legislature set forth five different ways or methods by which grand larceny might be committed, stealing property of any value by taking the same from the person of another being one of them. Another method was stealing property of the value of more than $25. This is the only subdivision of the grand larceny statute in which value is an element. Every other larceny than those mentioned constitutes petit larceny.

The appellant in this case was charged with an act which constitutes one of the methods by which grand larceny may be committed, and the value of the property stolen is not an element of the offense. There was, therefore, but one issue to submit to the jury, and that was whether appellant stole the purse and its contents from the person of the complaining witness.

■ The appellant assigns as error that the court denied his counsel when making his argument to the jury the right to comment upon the penalty prescribed by law upon a conviction of the offense of grand larceny. His argument is based upon Rule 8 of Pleading, Practice and Procedure, 34a Wn. (2d) 73, which, in part, provides that, when the instructions have been given by the court to the jury, a party to the action may by himself or counsel address the court and jury upon the law and facts in the cause. This rule does not mean that a party to an action or his counsel may discuss rules of law applicable to the facts of the case, or the penalties which may follow conviction of the offense charged, if the case is a criminal one, but means that the address to the jury upon the law must be confined to the law as set forth in the instructions of the court. Cases are cited by appellant in which it was decided that an instruction making reference to the penalty was not erroneous when it merely used the language of the statute. It is urged that if such be the case, then it must follow that counsel

should have the right to inform the jury as to the penalty which would follow a conviction of the crime charged.

■ The cases referred to point out that reference to punishment in an instruction is not necessary, but such reference does not constitute error. Such latitude allowed the court is entirely different from permitting counsel to discuss the question of penalty in making an argument to the jury. We cannot accept the analogy suggested. It was proper for the court to refuse to permit counsel for the appellant to include the question of penalty in his argument.

After the jury had deliberated for a time, it presented to the court two questions: whether a verdict finding the defendant guilty of petit larceny might be returned, and whether it might recommend leniency. The court answered the first question in the negative and the other one in the affirmative. Appellant urges that the first question should have received an affirmative answer. The court could not properly have done so without doing violence to instructions theretofore given.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.