[No. 42054. En Banc. January 20, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. BARBARA JEAN ESTILL, *Appellant*.

*Thomas J. Brennan,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Marco Magnano, Jr., Deputy,* for respondent.

*Davis, Wright, Todd, Riese & Jones* and *Richard A. Derham,* amici curiae.

FINLEY, J.—Barbara Estill is appealing from her conviction and sentence for credit card theft. At trial, evidence revealed that appellant and a male companion were arrested on June 6, 1970, following an attempt by her companion to purchase shoes with a credit card which was not issued in his name. A store security officer detained the couple in their car until the police arrived, and appellant was then taken to the Seattle city jail. There, when her wig was removed during a search of her person, a dozen or more credit cards fell to the floor. The various cards were issued in the names of Bode and Stewart. Appellant stated that she had picked them up off the floor of the car in which she was detained, believing them to belong to her friends Willy and Charley Gandt.

At trial, appellant was found guilty of credit card theft under RCW 9.26A.030, which provides in relevant part:

> Credit or identification card theft. A person is guilty of credit card or identification card theft when:
>
> . . .
>
> (2) He acquires a credit card or identification card from another with knowledge that it has been acquired, taken, obtained or withheld, without the cardholder's consent, with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder
>
> . . .
>
> . . .
>
> When a person not an issuer or agent thereof has in his possession or under his control credit cards or identification cards issued in the names of two or more other persons he is presumed to have violated subsections (1) or (2) of this section.

The jury was instructed on the existence of this presumption as follows:

> When a person other than the issuer or the issuer's

agent has in his possession or under his control credit cards issued in the names of two or more other persons he is presumed to have violated the above law.

This presumption stands only where there is no evidence to the contrary.

In his closing argument before the jury, the prosecutor stated:

As a matter of fact, it has been proven to you beyond a reasonable doubt, that she did possess these cards in the name of two other people other than herself. And if you are convinced beyond a reasonable doubt that she is not the issuer of any of these cards . . . then you must find her guilty, because she is presumed to have violated the law.

You understand, only where there is no evidence to the contrary—she doesn't have the evidence—there is no evidence to the contrary. . . . If there is no evidence to the contrary, the presumption must stand.

And in concluding his argument to the jury, the prosecutor said:

There can be no doubt that this presumption arises and the defendant must be found guilty for this crime.

Appellant contends that the presumption created by RCW 9.26A.030 is unconstitutional, and that the court's instruction and the prosecutor's closing argument emphasizing the presumption denied appellant due process of law. We do not agree.

■■ First, we conclude that the presumption established by RCW 9.26A.030 is a rebuttable one. It permits, but does not require, the trier of fact to find the presumed fact given the existence of the proven fact. The validity of such a presumption depends upon whether there is a rational connection between the fact which is proven and the fact which is presumed from the proven fact. *Tot v. United States,* 319 U.S. 463, 87 L. Ed. 1519, 63 S. Ct. 1241 (1943); *Davis v. United States,* 274 F.2d 585 (D.C. Cir. 1959), *cert. denied,* 363 U.S. 806, 4 L. Ed. 2d 1149, 80 S. Ct. 1241 (1960). The required rational connection does not exist unless it is possible to say with substantial assurance that the pre-

sumed fact is more likely than not to flow from the proven fact on which it is made to depend. *Leary v. United States,* 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969).

█ We are convinced that under the *Leary* test the challenged presumption is valid and constitutional. It is our conclusion that a person possessing credit cards in the names of two or more other people is more likely than not to have the criminal knowledge and intent proscribed by RCW 9.26A.030. In upholding this presumption we give considerable weight to the legislative capacity to determine the existence of the requisite rational connection between the proven and the presumed facts. *See Leary v. United States, supra; United States v. Gainey,* 380 U.S. 63, 13 L. Ed. 2d 658, 85 S. Ct. 754 (1965). In addition, we note (without relying thereon) the ease with which any legitimate possessor of others' credit cards could explain his possession and thus counteract the presumption. *See Tot v. United States, supra; United States v. Adams,* 293 F. Supp. 776 (S.D.N.Y. 1968). There was no comparable ease of explanation to justify the presumption which was overturned in the *Leary* case; an accused marijuana possessor would be hard put to show that he did not know that his marijuana was illegally imported.

Appellant also assigns error to the court's instruction to the jury that the presumption would disappear in the presence of *any* evidence to the contrary. That instruction may have overly limited the application of the presumption, since the permissive inference which it allows can be made by the trier of fact even in the presence of contrary evidence. However, such a narrow reading of the presumption could only have worked to the advantage of the appellant. Accordingly, we uphold the instruction.

██ Error is also assigned to the prosecution's reference to the presumption in its closing argument. It is the rule in this state that statements by the prosecution or defense to the jury upon the law must be confined to the law as set forth in the instructions of the court. *State v. Ellsworth,* 40 Wn.2d 375, 242 P.2d 1019 (1952); *State v.*

*Brown,* 35 Wn.2d 379, 213 P.2d 305 (1949). The prosecutor misinterpreted the law and the court's instructions when he suggested that the presumption of RCW 9.26A.030 is a conclusive one, *requiring* the jury to convict the accused if it is convinced beyond a reasonable doubt of the presumption's basic fact. However, the failure of defense counsel to object to the prosecutor's argument precludes consideration of this issue in resolving this appeal. *Schirmer v. Nethercutt,* 157 Wash. 172, 288 P. 265 (1930); *Lally v. Reilly,* 143 Wash. 522, 255 P. 923 (1927).

We note, however, that we have previously held that a case should not be reversed for improper argument of law by counsel, unless such error is prejudicial to the accused. *State v. Brown, supra.* We believe that the error committed in the instant case, even if violative of constitutional standards, is not prejudicial, being harmless beyond a reasonable doubt under the test of *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967). There was evidence in the record which would have led the jury to convict in the absence of any misstatement by the prosecution of the presumption's legal effect; appellant was unwilling to remove her wig when searched at the jail, and there was testimony at trial which would support the inference that the cards were under her wig while she was making purchases in the store in company with her companion, and that she therefore intended to use them illegally. Furthermore, the jury, when it retired, had before it in writing the court's instruction which very conservatively stated the effect of the presumption.

The judgment of the trial court is therefore affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., concur.