[No. 1210-1.    Division One—Panel 2.    June 5, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. CHESTER DAVIS, *Appellant*.

*Kenneth Kanev*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Lee D. Yates, Deputy*, for respondent.

SWANSON, J.—Chester Davis was found guilty of credit card or identification card theft, in violation of RCW 9.26A.030.

Defendant Davis appeals and assigns error to instructions 4 and 5 which define the presumption contained in the statute. RCW 9.26A.030 states in part:

When a person not an issuer or agent thereof has in his possession or under his control credit cards or identification cards issued in the names of two or more other persons he is *presumed* to have violated subsections (1) or (2) of this section.

(Italics ours.) The defendant also assigns error to the trial court's failure to give his requested instructions on the statutory presumption, but all of his assignments of error are based on the single argument that RCW 9.26A.030 is unconstitutional because of the presumption contained in the statute.

■ At the time this case was tried, July 28, 1971, no appellate court had passed on the constitutionality of this statute. On January 20, 1972, after appellant's brief was filed, *State v. Estill,* 80 Wn.2d 196, 492 P.2d 1037 (1972), was decided. The appellant in that case, as defendant Davis does here, challenged the constitutionality of RCW 9.26A.030. All of the constitutional arguments advanced by the defendant in this case were presented by the appellant in *Estill* and rejected. The presumption contained in the statute was determined to be valid and constitutional. The court in *Estill* said, 80 Wn.2d at 198:

First, we conclude that the presumption established by RCW 9.26A.030 is a rebuttable one. It permits, but does not require, the trier of fact to find the presumed fact given the existence of the proven fact. The validity of such a presumption depends upon whether there is a rational connection between the fact which is proven and the fact which is presumed from the proven fact. [Citations omitted.] The required rational connection does not exist unless it is possible to say with substantial assurance that the presumed fact is more likely than not to flow from the proven fact on which it is made to depend. *Leary v. United States,* 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969).

We are convinced that under the *Leary* test the challenged presumption is valid and constitutional.

Instruction 5 in the case at bar recognized the presumption created by the statute to be a rebuttable one and explained it to the jury in this language:

This is a rebuttable presumption and is rebutted when a consideration of all the evidence gives rise to a reasonable doubt that defendant acquired, obtained, took or withheld said credit cards or identification cards without the cardholder or issuer's consent.

The quoted portion of instruction 5 makes the rebuttable nature of the presumption clear. We find no error in the instructions given.

Judgment affirmed.

FARRIS, A.C.J., and WILLIAMS, J., concur.