THE STATE OF OHIO, APPELLEE, *v.* STROZIER, APPELLANT.

[Cite as State v. Strozier (1972), 32 Ohio St. 2d 62.]

(No. 72-300—Decided November 29, 1972.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Roger R. Roth* and *Mr. James J. Carroll,* for appellant.

O'NEILL, C. J. Appellant attacks his conviction on three grounds: (1) That the trial court erred in refusing to direct verdicts in his favor as to all three counts of the indictment; (2) that the trial court erred in allowing more than one count of the indictment to be the subject of jury consideration and in sentencing appellant on each of the three counts; and (3) that the death penalty is cruel and unusual punishment.

It is unnecessary for us to consider appellant's contentions regarding the death penalty, as this court, upon appellant's motion, modified the death sentence to life imprisonment on August 3, 1972, pursuant to the decision of the United States Supreme Court in *Furman* v. *Georgia* (1972), 408 U. S. 238, 33 L. Ed. 2d 346, and *State* v. *Leigh* (1972), 31 Ohio St. 2d 97.

In respect to the contention that the trial court should have directed verdicts on all three counts of the indictment, appellant asserts that the state failed to prove either premeditation or purpose and intent to kill.

As to premeditation, it is appellant's position that "premeditation means meditation prior to the performance of the act * * * a reflection, thought, scheme, plan or design prior to and not contemporaneous with the act of killing."

*State* v. *Stewart* (1964), 176 Ohio St. 156, 198 N. E. 2d 439, held, in paragraph six of the syllabus:

"Where a person has actually formed a purpose to maliciously kill another and deliberated and premeditated upon it before he performed the act of killing, he is guilty of murder in the first degree, *however short the time between the formation of the purpose and its execution.*" (Emphasis added.)

Upon the question of whether the state established proof of purpose and intent to kill, the court observes that: "The intent to kill can * * * be inferred from the manner in which the killing was accomplished. One is presumed to intend the natural, reasonable and probable consequences of his voluntary acts." *State* v. *Stewart, supra.*

Although this court is not required to weigh the evidence (R. C. 2953.02; *State* v. *Martin* [1955], 164 Ohio St.

54, 57, 128 N. E. 2d 7), the court agrees with the finding of the Court of Appeals in this case that: "There was evidence in the record requiring the court to submit the charge of premeditated murder * * * to the jury," and that "there was ample evidence in the record of robbery and rape of the victim to submit the questions to the jury."

Appellant argues that the trial court erred in submitting all three counts of the indictment to the jury and in sentencing appellant on each of the three counts.

Upon this issue, appellant asks that the holding in *State* v. *Ferguson* (1964), 175 Ohio St. 390, 195 N. E. 2d 794, be reexamined. The syllabus in *Ferguson* reads:

"1. The killing of another purposely and in perpetrating or attempting to perpetrate a robbery and the killing of the same person purposely and of deliberate and premeditated malice are separate and distinct offenses of first degree murder and, under Section 2901.01, Revised Code, may properly be charged in separate counts of an indictment.

"2. Where two valid sentences are imposed for the first degree murder of one person, one of death and one of life imprisonment, that sentence which calls for the highest and most severe punishment—death—is the one that is actually imposed, the life sentence in practical effect being mere surplusage."

Appellant contends that his conviction on three counts, when only one person died, violates his "rights under the double jeopardy and due process provisions of the constitutions of the United States and the state of Ohio."

In support of these contentions, appellant relies upon *Nielsen, Petitioner* (1889), 131 U. S. 176; *Benton* v. *Maryland* (1969), 395 U. S. 784; *Ashe* v. *Swensen* (1970), 397 U. S. 436; and *Waller* v. *Florida* (1970), 397 U. S. 387.

Although the last cited cases were concerned with double jeopardy, none holds that an accused may not be charged and convicted in one prosecution for the commission of more than one offense arising from the same criminal act or acts.

The court in *Waller* noted, at page 390, that "whether * * * [the accused] committed *separate offenses which could*

*support separate charges* was not decided by the Florida court, *nor do we reach that question.*'' (Emphasis added.)

Separate offenses were committed here, all arising out of appellant's acts which resulted in the death of the victim. Thus, the question not reached in *Waller* is the question now before this court. Upon that question, this court said in *Ferguson*, at page 394:

"The constitutional guaranty contained in Section 10, Article I of the Ohio Constitution, and the Fifth Amendment of the federal Constitution, that no person shall 'be twice put in jeopardy,' applies only to being placed in jeopardy more than once for the same offense and not two separate offenses arising out of the same transaction, facts, circumstances or situation. *State* v. *Orth*, 106 Ohio App., 35.

"Murder committed in the perpetration of a robbery and murder committed with deliberate and premeditated malice are not one and the same offense, even though the victim is one and the same person. The test to be applied here is: Are the facts necessary to secure a conviction under one count of the indictment sufficient to secure a conviction under the other count. If the facts which would support a conviction under one count would not necessarily support a conviction under the other count, then the offenses charged are separate and distinct crimes, although the offenses charged may have been committed by the same act or acts.''

This court is of the opinion that the cases cited by appellant, and referred to above, do not require it to retreat from the holding in *Ferguson*. That holding is controlling, and the court applies it here to refute appellant's contentions concerning his conviction on each count of the three-count indictment.

For the foregoing reasons, the judgment of the Court of Appeals, as previously modified by our reduction of the death sentence to life imprisonment, is affirmed.

*Judgment affirmed, as modified.*

SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.