[No. 642-3. Division Three. August 16, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. LEWIS C. WALDENBURG, *Appellant.*

*Gale P. Hilyer, Jr.,* for appellant.

*Clarence J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

MUNSON, J.—Defendant, a used car wholesaler in Portland, Oregon, appeals from a conviction upon two counts of grand larceny by fraudulent or false representation or pretense, or in the alternative, by trick or device (RCW 9.54.010(2)), and two counts of selling a motor vehicle knowing the odometer had been turned back without so notifying the buyer (RCW 46.37.550).

In early 1971, defendant purchased a 1969 Buick and a 1969 Ford. The record indicates, at the time of these purchases, the Buick had between 55,000 and 60,000 miles on its odometer, and the Ford had approximately 65,000 miles indicated thereon. In February of 1971, each car was sold through the Tri-City Auto Auction, Inc., in Pasco to other car dealers. These dealers in turn resold the automobiles. At the time of delivery to the auction, the odometer on each car showed approximately 34,000 miles.

In one information defendant was charged with one count of grand larceny and one count for violation of RCW 46.37.550 pertaining to each car sale. The jury returned guilty verdicts on all four counts.

First, defendant challenges the convictions upon the basis that the two counts relating to each car, one a felony and the other a misdemeanor, constitute a single

offense as to each car. Thus, to charge and convict for both crimes, using identical facts to support both charges, is a violation of the double jeopardy provisions of article 1, section 9 of the Washington State Constitution and the fifth and fourteenth amendments to the United States Constitution.[1] We conclude that both charging and proceeding to trial upon the separate counts was permissible, but agree with defendant that conviction and sentencing upon both counts was error.

In *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973), decided since this case was argued, the court reaffirmed the applicability of the "same evidence" test for determining whether multiple charges constitute a single offense. Therein the test is defined at page 580 as: "offenses are 'the same' if the elements of one are sufficiently similar to the elements of another." *See also State v. Barton*, 5 Wn.2d 234, 105 P.2d 63 (1940); *State v. Reiff*, 14 Wash. 664, 45 P. 318 (1896). In *Roybal* the court rejected the "same transaction" test.

In this case the elements of the two offenses charged are different. The elements of the larceny charge, based upon RCW 9.54.010(2), are as follows: (1) obtaining property from another; (2) with intent to defraud; (3) by color or aid of a false representation; (4) and with reliance by the owner of the property on the false representation; or (5) in the alternative, (1) and (2) above, plus obtaining property by trick or device. The elements of RCW 46.37.550 are as follows: (1) the sale of a motor vehicle in which the odometer has been turned back; (2) knowledge of the seller that the odometer has been turned back; and (3) failure of the seller to inform the buyer that the odometer has been turned back. It is possible for one to be found guilty of violating RCW 46.37.550 without having entertained any intention to defraud a buyer and/or without the buyer

---

[1] Article 1, section 9 of the Washington State Constitution states: "No person shall be . . . twice put in jeopardy for the same offense."

The fifth amendment to the United States Constitution states: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, . . ."

having relied upon the mileage then appearing upon the odometer in making his automobile purchase. Thus, we find that there are distinct elements differentiating the two statutes.

■ ■ The double jeopardy principles cited in *Roybal* contemplate successive trials. No authority has been cited to us stating that one can be placed in double jeopardy by one information or indictment containing several counts.[2]

The purpose of the ban on double jeopardy has been said to be to prevent "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, . . ." *Green v. United States,* 355 U.S. 184, 187, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957). Charging multiple counts in one information or indictment presents no conflict with this stated purpose.

Furthermore, we can understand the necessity of charging the alleged offenses by separate counts in one information. By such action, the state eliminates the possible harassment of a defendant by repeated attempts to convict him. Such a procedure also comports with the spirit of RCW 10.37.060.[3]

In light of the particular facts and the procedural format of the instant case, we hold that neither charging defendant

---

[2] In *People v. Tideman,* 57 Cal. 2d 574, 370 P.2d 1007, 21 Cal. Rptr. 207 (1962), the California Supreme Court held there could be no double jeopardy when the defendant is being tried but once, in a single criminal action. In *State v. Strozier,* 32 Ohio St. 2d 62, 290 N.E.2d 177 (1972), the court affirmed convictions on each of three counts, setting forth: (1) premeditated murder, (2) felony (rape) murder, and (3) felony (robbery) murder in the killing of one human being based on each count charging a separate offense, even though there was only one death.

[3] "When there are several charges against any person . . . for the same act or transaction, or for two or more acts or transactions connected together, . . . instead of having several informations the whole may be joined in one . . . information, in separate counts; and, if two or more . . . informations [are] filed, in such cases, the court may order such . . . informations to be consolidated."

with both the felony and the misdemeanor offense in multiple counts of one information nor trying him upon both charges is violative of the double jeopardy provision of either the federal or state constitution.

However, this does not mean that defendant may be constitutionally convicted and sentenced on each count set forth in the information. As the information was drawn, and under the proof submitted in this case, the charges based upon RCW 46.37.550 constitute a necessarily lesser included offense to grand larceny as charged. A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. *State v. Roybal, supra.* Proof of all the requisite elements set forth in RCW 46.37.550 was necessary for conviction on the felony charges under the particular facts of this case. *State v. Roybal, supra.* Therefore, the charges under RCW 46.37 .550 do constitute essential elements of proof or "constituent element[s] in the perpetration of the greater offense." *State v. Campbell,* 40 Wash. 480, 483, 82 P. 752 (1905); *see also State v. Johnson,* 60 Wn.2d 21, 24, 371 P.2d 611 (1962); *State v. LaPorte,* 58 Wn.2d 816, 365 P.2d 24 (1961).

The double jeopardy provision also prohibits double punishment. *United States v. Ewell,* 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773 (1966) and *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), each make reference to the prohibition against double punishment. Inasmuch as we find that the misdemeanor counts involve a constituent element in the perpetration of the felony counts, to allow sentencing on each verdict of guilty would be to subject the defendant to double punishment.

The evidence admitted in the record before us is sufficient to convict the defendant upon both counts of either the felony or misdemeanor charge. Because conviction and sentencing upon both charges amount to double punishment, the entry of judgment upon the verdict for the two misdemeanor counts must be vacated; they are deemed merged in the findings of guilty of the greater offense of grand larceny.

For what benefit it may be to the trial bench, we point out the court's position in *O'Clair v. United States*, 470 F.2d 1199, 1204 (1st Cir. 1972) as one method of proceeding after the conclusion of the evidence and prior to instruction of the jury:

> But when such a two-count case is to be submitted, the trial judge should instruct the jury that it must first consider the more serious count and, if it finds all of the elements proven, convict for that offense. This would be its sole verdict, no response being necessary as to the less serious count. If, however, it finds the element necessary to prove the aggravated offense insufficiently proven, but all those necessary for the less inclusive offense proven, it should convict on the less serious count, and acquit on the other count. If the jury finds unproven an element necessary for even the lesser crime, it should acquit on both counts.

Defendant also sets forth other assignments relating to RCW 46.37.550 and the trial thereupon. In view of the result of this opinion, we do not reach these issues. The disposition of similar allegations in *State v. Kliewer*, 210 Kan. 820, 504 P.2d 580 (1972) is enlightening and contrary to defendant's contentions.

■ Defendant also asserts that the legislative enactment of RCW 46.37.550 precludes one from being charged with grand larceny, relying upon *State v. Becker*, 39 Wn.2d 94, 234 P.2d 897 (1951). Defendant's reliance on *Becker* is not well taken. The court was there concerned with interpreting the legislative intent in passing a special statute relating to fraudulent obtaining of public assistance funds. The court held that a general felony fraud statute was impliedly repealed to the extent that a specific statute, making it a misdemeanor to obtain public assistance funds through fraud, superseded it. The element of fraud was present in both statutes.

This situation is not present in the instant case. RCW 46.37.550 precludes a sale of an automobile knowing the odometer has been turned back without so notifying the buyer. There is no requirement of an intent to defraud or

misrepresent explicit in the language of the statute. No element of fraudulent conduct is required to be proven. To the contrary, the grand larceny statute, by its express terms, requires proof of fraudulent intent. We are therefore unable to discern that the legislature intended to substitute this special legislation to the exclusion of the fraud-based larceny statute. *State v. Walls,* 81 Wn.2d 618, 503 P.2d 1068 (1973).

■ Defendant further claims the two grand larceny counts were fatally defective. He first asserts that the counts failed to properly charge fraud because the true mileages on the automobiles in question were not set forth. Defendant cites no authority in support of this assignment, and we have found none; the merit of the assignment is not apparent upon its face; the assignment will not be considered. *State v. Alden,* 73 Wn.2d 360, 438 P.2d 620 (1968); *State v. Rutherford,* 66 Wn.2d 851, 405 P.2d 719 (1965).

Defendant also asserts that language in the grand larceny counts to the effect that defendant's conduct as set forth therein was "contrary to the statute in such cases made and provided" was prejudicial, misleading and false. We find the quoted language, when read in conjunction with the full counts, to merely assert that defendant acted contrary to the grand larceny statute, RCW 9.54.010. It was not error.

Defendant next contends there was a fatal defect in the proof submitted in support of the grand larceny counts in that the state failed to prove defendant did obtain money from the car dealers who bought the automobiles at the Tri-City Auto Auction as charged in the information. It is asserted that defendant sold the automobiles to, and received payment from, the auction itself, not the subsequent buyers as the information charges. The evidence does support a conclusion that the auctioneer was merely an agent for the seller and received the money from the buyer, deducted his expenses and submitted the balance to the seller, *i.e.,* the defendant. This proof was sufficient to support the grand larceny counts.

 Also, under this assignment, defendant argues there was no evidence submitted showing that he ever received any money. It is true that neither a canceled check nor receipt from the buyer was introduced in evidence. However, there is testimony from the auctioneer as to the method of payment, as well as testimony that payment was made to the defendant. That payment was made by check. This is sufficient to show, circumstantially, defendant was paid for the automobiles. It should also be noted that defendant made no objection during trial asserting lack of proof of a material issue. This assignment is not well taken.

 Lastly, defendant assigns as error the failure of the court to submit a verdict allowing the jury to find defendant guilty of petit larceny. The court did instruct upon the definition of larceny and did further instruct upon the monetary amount that distinguishes grand larceny from petit larceny. However, the form of the verdict did not provide for finding the defendant guilty of petit larceny. The trial court was correct; the record reveals no evidence to support a verdict of petit larceny. *State v. Snider*, 70 Wn.2d 326, 422 P.2d 816 (1967); *State v. Gallagher*, 4 Wn.2d 437, 103 P.2d 1100 (1940).

The judgment upon the verdict of grand larceny is affirmed. The judgment upon the two misdemeanor convictions under RCW 46.37.550 is vacated and dismissed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied September 14, 1973.

Review denied by Supreme Court November 7, 1973.