[No. 2293-1.   Division One.   July 29, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. MAXINE JEFFERSON, *Appellant*.

*Steinberg & Steinberg* and *Jack Steinberg,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Richard H. Blacklow, Deputy,* for respondent.

SWANSON, C.J.—Appellant Maxine Jefferson appeals from her conviction and sentence following a jury trial for six counts of credit card forgery and one count of credit card theft. Appellant rests her appeal primarily upon constitutional grounds challenging the statutes under which she was prosecuted but raises no factual issue, and therefore we may dispense with a narrative recital of the facts which properly could have been found by the jury.

Appellant's argument on appeal may be summarized as follows: First, she argues that the trial court erred in failing to require the prosecutor to elect between charging either the six counts of credit card forgery or the one count of credit card theft, on the theory that the requisite criminal "intent to defraud" in the credit card forgery statute, RCW 9.26A.040(2), is identical to the criminal "intent to use" a stolen credit card proscribed by the credit card theft statute, RCW 9.26A.030(2), and therefore the State must elect between the two statutes to avoid placing the appellant in double jeopardy. Second, she argues that the prosecution brought under the credit card theft statute should have been dismissed because the statute merely prohibits a criminal "intent to use" a credit card in the absence of a showing of any criminal act and therefore any prosecution thereunder unconstitutionally imposes punishment for a mental intent alone. Finally, she contends that the six counts of credit card forgery also should have been dismissed because her alleged actions were such that the pros-

ecutor could have charged her either with false representation involving unauthorized and false use of a stolen or forged credit card to obtain goods valued at less than $75, pursuant to RCW 9.26A.050—a gross misdemeanor—or with forgery under RCW 9.26A.040(2)—a felony. Thus, appellant concludes that the prosecutor has discretion to charge either a misdemeanor or a felony and that this constitutes a denial of equal protection of the law. Appellant's arguments, though ingenious, are insufficient to convince us that they constitute a correct statement of the law.

■ ■  As to the constitutionality of prosecuting the appellant under RCW 9.26A.030(2), we observe preliminarily that the record indicates that appellant had in her possession at the time of her arrest credit cards "in the names of two or more other persons" and therefore her prosecution was aided by the presumption of criminal intent contained in the statute,[1] the constitutionality of which previously has been determined by our state Supreme Court. *State v. Estill*, 80 Wn.2d 196, 492 P.2d 1037 (1972); *State v. Davis*, 7 Wn. App. 38, 497 P.2d 952 (1972). The thrust of appellant's contention is that she was unconstitutionally placed in double jeopardy when the State prosecuted her for violations of both the credit card theft and credit card forgery statutes. As the State points out, however, in the context of this case, double jeopardy exists only if the offenses charged are identical or if one is a "constituent element" of the other. *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973); *State v. Waldenburg*, 9 Wn. App. 529, 513 P.2d 577

---

[1]RCW 9.26A.030 provides in relevant part:

"A person is guilty of credit card or identification card theft when:

". . .

"(2) He acquires a credit card or identification card from another with knowledge that it has been acquired, taken, obtained or withheld, without the cardholder's consent, with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder; . . .

". . .

"When a person not an issuer or agent thereof has in his possession or under his control credit cards or identification cards issued in the names of two or more other persons he is presumed to have violated subsections (1) or (2) of this section."

(1973); *State v. Eckman,* 9 Wn. App. 905, 515 P.2d 837 (1973). The illegal acquisition of a credit card with the "intent to use it" prohibited by the credit card theft statute, RCW 9.26A.030(2), is not the same as the "intent to defraud" contemplated in the credit card forgery statute, RCW 9.26A.040(2). To convict a person of credit card theft, it is unnecessary to prove credit card forgery—the illegal signing of a name with intent to defraud; conversely, proof of forgery is not a necessary element of a prosecution to establish theft. In short, the two offenses are separate and distinct, and neither is a constituent element of the other. We conclude that the appellant was not subjected to double jeopardy by the trial court's denial of her motion to require the prosecutor to elect between the offenses charged.

With reference to appellant's second contention—to the effect that prosecution under the credit card theft statute is unconstitutional because the statute proscribes only criminal intent in the absence of a criminal act—it is apparent from a plain reading of the statute that the criminal intent to which it is directed is in the context of the criminal act of taking or otherwise acquiring a credit card without the consent of the cardholder. The section of the statute under which the appellant was prosecuted, RCW 9.26A.030(2), requires a showing of knowledge of such criminal act. Such knowledge amounts to a ratification of the criminal act and such ratification itself is an act which, when coupled with the requisite intent, is sufficient to be criminal.

Finally, appellant's third contention that her prosecution for six counts of credit card forgery violated her right to equal protection of the law is without merit. The felonious act of credit card forgery with intent to defraud proscribed in RCW 9.26A.040(2) is a separate and distinct offense from the fraudulent use of a credit card prohibited by RCW 9.26A.050, which, as appellant points out, involves a gross misdemeanor rather than a felony under certain circumstances. The prosecutor's discretion to bring charges under one statute or the other does not amount to unconsti-

tutional discretion; the decision to bring charges rests solely upon the strength of the State's case. The State must prove that the defendant illegally signed a credit card or sales slip in a prosecution under RCW 9.26A.040(2); such proof is unnecessary to a prosecution under RCW 9.26A.050. We find no error. *See People v. Gingles,* 32 Cal. App. 3d 1030, 108 Cal. Rptr. 744 (1973).

The judgment is affirmed.

JAMES and CALLOW, JJ., concur.