[No. 4097-1.    Division One.    July 19, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY RENTFROW, ET AL, *Appellants*.

*Hoff & Cross, Geoffrey C. Cross, Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson,* and *John C. Kouklis,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney,* and *Patrick Sainsbury, Deputy,* for respondent.

SWANSON, J.—Guilty verdicts were returned against both defendants, Rodney Rentfrow and John F. Schroeder, on five felony charges of altering automobile odometers and selling vehicles without disclosure of true mileage, in contravention of the larceny statute, RCW 9.54.010(2). Both defendants bring this consolidated appeal.

The pertinent facts are as follows: The defendants traveled to California and purchased automobiles described in the information at wholesale auctions in that state. The purchased automobiles were then shipped to Washington state where they were delivered to a William T. Windham, a Tacoma auto mechanic. Windham altered the odometers pursuant to the numerals written on a slip of paper he found in the glove compartment of each car. The numerals written on the paper indicated the number of miles in the thousands to which they, the defendants, desired that the odometer be set. The automobiles were then sold by Consolidated Autos[1] through South Seattle Auto Auction to the public at large.

Defendants' sole claim of error and argument on appeal

---

[1] The record does not disclose whether Consolidated Autos was incorporated or whether it was a mere sham. Nor is the record clear as to the role defendants played in Consolidated's corporate structure. Defendants, however, appear to be the only principals of the firm. The evidence adduced at trial showed that there were no records of Consolidated's registration as a dealership on file with the State. In addition, it appears that Consolidated utilized a Washington State dealer number which, in fact, belonged to another dealer.

is that the prosecutor has the discretion to charge either a felony or misdemeanor on the same set of facts and that this discretion is an unconstitutional violation of the equal protection of the law. This contention is based on a comparison of the wording of RCW 9.54.010(2) with that of RCW 46.37.540 and RCW 46.37.550.

The language of the relevant statutes involved is as follows,

Every person who, with intent to deprive or defraud the owner thereof . . .

. . .

(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling . . .

. . .

Steals such property and shall be guilty of larceny.

RCW 9.54.010(2).

Except as provided by RCW 46.37.580, it shall be unlawful for any person to disconnect, turn back or reset the odometer of any motor vehicle with the intent to reduce the number of miles indicated on the odometer gauge.

RCW 46.37.540.

It shall be unlawful for any person to sell a motor vehicle in this state if such person has knowledge that the odometer on such motor vehicle has been turned back and if such person fails to notify the buyer, prior to the time of sale, that the odometer has been turned back or that he had reason to believe that the odometer has been turned back.

RCW 46.37.550.

It is defendants' position that the prosecutor is permitted the discretion of charging, based on the same facts, either

the misdemeanor violation under the motor vehicle code or the larceny violation, a felony. Defendants argue that the vesting of such discretion in the prosecutor where the statutes encompass the same acts is unconstitutional.

In *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956), the court held that a statute which prescribes different punishments for the same act and thereby purports to authorize the prosecutor to charge one person with a felony and another with a misdemeanor for the same act committed under the same circumstances denies the equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution and article 1, section 12 of the constitution of this State. It is important to note that while this rule is still the law today, the *Olsen* court interpreted a single statute only and found its grant of discretion unconstitutional. Subsequent cases have construed *Olsen* narrowly. In *State v. Reid*, 66 Wn.2d 243, 401 P.2d 988 (1965), the court held that two statutes—one making illegal possession of narcotics a felony, the other making illegal possession of narcotics prima facie evidence of intent to commit the gross misdemeanor of illegal use—did not violate the equal protection clause. The *Reid* court reasoned that since the elements of the two crimes differed, there was a legislative standard for the prosecution to use in determining which offender should be charged under which statute. *Accord, United States v. Garnes*, 258 F.2d 530 (2d Cir. 1958), *cert. denied*, 359 U.S. 937 (1959); *State v. Canady*, 69 Wn.2d 886, 421 P.2d 347 (1966); *State v. Reed*, 34 N.J. 554, 170 A.2d 419, 91 A.L.R.2d 797 (1961); *see also* Note, 41 Wash. L. Rev. 533 (1966). The test gleaned from the foregoing cases is that if the elements of the statutes involved are not the same or essentially the same, then no equal protection question is presented. However, should the elements of the statutes be the same and one statute constitutes a felony and the other a misdemeanor, a defendant's right to equal protection of the law is violated. Accordingly, we must scrutinize the provisions of the present statutes to determine their respective elements.

In *State v. Waldenburg,* 9 Wn. App. 529, 513 P.2d 577 (1973), this court, under circumstances similar to those presented in the instant case, declared that the elements of larceny based upon RCW 9.54.010 (2) were as follows,

> (1) obtaining property from another; (2) with intent to defraud; (3) by color or aid of a false representation; (4) and with reliance by the owner of the property on the false representation; or (5) in the alternative, (1) and (2) above, plus obtaining property by trick or device.

*State v. Waldenburg, supra* at 531. The *Waldenburg* court held that the elements of RCW 46.37.550 included the following,

> (1) the sale of a motor vehicle in which the odometer has been turned back; (2) knowledge of the seller that the odometer has been turned back; and (3) failure of the seller to inform the buyer that the odometer has been turned back.

*State v. Waldenburg, supra* at 531. It can be seen that the State has two elements fewer to prove when proceeding under the odometer, rather than the larceny, statute. In a prosecution based on a violation of the odometer statute, it is not incumbent upon the State to show that the purchaser relied upon the odometer reading in making the purchase. Secondly, the odometer statute does not require the State to show an intent to deprive or defraud the motor vehicle buyer. Both of these elements are, however, required to be proved beyond a reasonable doubt when a defendant is charged under the larceny statute. As we stated in *State v. Jefferson,* 11 Wn. App. 745, 748-49, 524 P.2d 924 (1974), "The prosecutor's discretion to bring charges under one statute or the other does not amount to unconstitutional discretion; the decision to bring charges rests solely upon the strength of the State's case." Because the elements of the statutes involved are not the same, the trial court did not err in refusing to dismiss the charges.

Judgment affirmed.

FARRIS and JAMES, JJ., concur.

Petition for rehearing denied October 13, 1976.