154 P.3d 271 (2007)
STATE of Washington, Respondent,
v.
Erik Robert SANDOVAL, Appellant.
No. 23754-1-III.
Court of Appeals of Washington, Division 3.
March 13, 2007.
*272 Janet G. Gemberling, Gemberling & Dooris PS, Spokane, WA, for Appellant.
Kevin Michael Korsmo, Attorney at Law, Spokane, WA, for Respondent.
BROWN, J.
¶ 1 First, considering medical diagnosis and excited utterance testimony, we reject Erik Sandoval's confrontation arguments in his appeal from his convictions for third degree assault-domestic violence and second degree malicious mischief. Second, the State's closing argument mentioning hearsay reliability did not vouch for witness credibility. Thus, the trial court did not err in rejecting Mr. Sandoval's mistrial motion. Accordingly, we affirm.

FACTS
¶ 2 On August 13, 2004, Shawn Thacker called the police to report she was assaulted by her boyfriend, Erik Sandoval. About an hour later, Ms. Thacker called her sister, Michelle Picanso, and told her "Erik just beat me and messed up your house." Report *273 of Proceedings (RP) (Dec. 9, 2004) (afternoon session) at 22. She told Ms. Picanso he beat her with a belt.
¶ 3 A fire truck arrived and an individual examined Ms. Thacker. She was told she needed to go to the hospital and an officer would meet her there. Ms. Picanso drove Ms. Thacker to the hospital.
¶ 4 Ms. Thacker told emergency room physician Jill Jenkins, she had been assaulted. She told Dr. Jenkins that "Erik Sandoval" had "hit her with his fist, and heon the back of her head once with his fist. He kicked her on her back, and he took a belt that he had rolled up, and he hit her multiple times with the belt, many times on her left arm, her left hand, her back, her right thigh." RP (Dec. 9, 2004) (morning session) at 8-9. She said he also "grabbed her wrist." RP (Dec. 9, 2004) (morning session) at 9. Dr. Jenkins examined Ms. Thacker based on her complaints of pain and injury.
¶ 5 The State charged Mr. Sandoval with second degree assault, or third degree assault in the alternative, and second degree malicious mischief. Ms. Thacker did not appear for trial. Both Ms. Picanso and Dr. Jenkins gave hearsay testimony about the assault. Pretrial, Mr. Sandoval unsuccessfully moved to exclude those statements. The court denied his mistrial motion made during closing arguments after the State told the jury that certain "exceptions [to the hearsay rules] are allowed because they have been deemed reliable." RP (December 9, 2004) (afternoon session) at 122-23. A jury convicted Mr. Sandoval for third degree assault and second degree malicious mischief. Mr. Sandoval appeals.

ANALYSIS

A. Sixth Amendment Right to Confront Witnesses
¶ 6 The issue is whether the admission of Ms. Thacker's hearsay statements, by Dr. Jenkins, violated Mr. Sandoval's Sixth Amendment right to confront witnesses against him. Mr. Sandoval contends the statements were inadmissible since Ms. Thacker's purpose in telling Dr. Jenkins he attacked her was to initiate criminal prosecution.
¶ 7 We review constitutional challenges de novo. State v. Bradshaw, 152 Wash.2d 528, 531, 98 P.3d 1190 (2004). The confrontation clause guarantees a criminal defendant the right to confront witnesses against him in a criminal prosecution. Crawford v. Washington, 541 U.S. 36, 42, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); State v. Ackerman, 90 Wash.App. 477, 483, 953 P.2d 816 (1998). Where "testimonial" hearsay statements are at issue, the original declarant must be unavailable at trial and the defendant must have had a prior opportunity to cross-examine the declarant. Crawford, 541 U.S. at 68, 124 S.Ct. 1354; State v. Abd-Rahmaan, 154 Wash.2d 280, 287, 111 P.3d 1157 (2005). These requirements do not apply to nontestimonial statements. Crawford, 541 U.S. at 68, 124 S.Ct. 1354. Statements may be deemed "testimonial" by looking at the witness's purpose in making the statements, specifically whether the witness expected the statements to be used at trial. Crawford, 541 U.S. at 51-52, 124 S.Ct. 1354.
¶ 8 Witness statements to a medical doctor are not testimonial (1) where they are made for diagnosis and treatment purposes, (2) where there is no indication that the witness expected the statements to be used at trial, and (3) where the doctor is not employed by or working with the State. State v. Moses, 129 Wash.App. 718, 729-30, 119 P.3d 906, review denied, 157 Wash.2d 1006, 136 P.3d 759 (2006). This includes statements of fault in domestic violence cases since the identity of an abuser may affect the witness's treatment. Id. at 729, 119 P.3d 906.
¶ 9 Here, Ms. Thacker told Dr. Jenkins that Mr. Sandoval kicked her, hit her with his fists, and hit her several times with a belt. Ms. Thacker explained where she felt pain. Dr. Jenkins used this information to conduct an examination of Ms. Thacker's injuries. The police were not present during Dr. Jenkins discussions with Ms. Thacker and Dr. Jenkins did not discuss whether the report would be used in a criminal investigation. According to Dr. Jenkins, the manner *274 in which an injury occurs, including whether it was inflicted by a stranger or by a family member, impacts diagnosis and treatment. Dr. Jenkins testified that asking for names in domestic violence cases helps her to "better communicate with the patient." RP (Dec. 8, 2004) at 111.
¶ 10 In sum, Ms. Thacker's statements were made for diagnosis and treatment purposes and were not testimonial, or primarily given for criminal prosecution purposes. Moses, 129 Wash.App. at 729-30, 119 P.3d 906. Mr. Sandoval's confrontation rights were not violated.

B. State Confrontation Right, Article I, Section 22
¶ 11 The issue is whether article I, section 22 of the Washington State Constitution provides greater confrontation rights than the federal constitution. Mr. Sandoval contends hearsay statements by Ms. Picanso (excited utterance) and Dr. Jenkins (medical diagnosis and treatment) were inadmissible under article I, section 22, since Washington's confrontation clause requires "face to face" confrontation.
¶ 12 "We review constitutional challenges de novo." State v. Cubias, 155 Wash.2d 549, 552, 120 P.3d 929 (2005). A challenge to the scope of Washington's constitutional rights, as compared to federal constitutional rights, includes an analysis of: (1) the textual language of the state constitution; (2) differences in the texts; (3) constitutional history; (4) preexisting state law; (5) structural differences; and (6) matters of particular state or local concern. State v. Gunwall, 106 Wash.2d 54, 61-62, 720 P.2d 808 (1986). A defendant bears the burden to prove a constitutional challenge. State v. McDonald, 138 Wash.2d 680, 691, 981 P.2d 443 (1999).
¶ 13 Article I, section 22 guarantees an "accused shall have the right . . . to meet the witnesses against him face to face." WASH. CONST. art. I, § 22. The Sixth Amendment guarantees an "accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI.
¶ 14 First, Mr. Sandoval relies on a dissent in State v. Foster, 135 Wash.2d 441, 957 P.2d 712 (1998) to support his argument. But both the Foster majority and dissent note that hearsay statements are not inadmissible under article I, section 22. The majority stated: "We recognized that neither the federal nor state confrontation clause has been read literally, for to do so would result in eliminating all exceptions to the hearsay rule." Id. at 463-64, 957 P.2d 712. The dissent stated: "a strict reading of the confrontation clause in article I, section 22 does not implicate hearsay concerns. . . . Under the hearsay exceptions, a value judgment has already been made that the accused is not entitled to confront those persons making qualifying statements." Id. at 495, 957 P.2d 712 (Johnson, J., dissenting).
¶ 15 Second, Mr. Sandoval's Gunwall argument is not persuasive. As to the first two factors, the meaning of the words used in article I, section 22 and the Sixth Amendment are substantially the same; the differences are not significant. See id. at 459, 474-77, 957 P.2d 712. As to the third and fourth factors, our constitutional history does not support a broader interpretation of article 1, section 22 than that provided under the Sixth Amendment, and preexisting state law shows hearsay evidence has been admitted without violating article I, section 22. See id. at 459-64, 957 P.2d 712; State v. Swan, 114 Wash.2d 613, 666, 790 P.2d 610 (1990); State v. Baldwin, 15 Wash. 15, 18-19, 45 P. 650 (1896). Finally, while the fifth factor always supports an independent state constitutional analysis, the sixth factor is not as convincing. See Foster, 135 Wash.2d at 458-59, 461-65, 957 P.2d 712. Mr. Sandoval has not shown that Washington has a separate interest in protecting defendants from hearsay evidence. See id. at 465, 957 P.2d 712.

C. Prosecutorial Misconduct
¶ 16 The issue is whether the trial court erred in denying Mr. Sandoval's mistrial motion for prosecutorial misconduct during closing argument for allegedly vouching for the credibility of the State's witnesses by discussing their reliability under the hearsay rules.
*275 ¶ 17 We review a trial court's denial of a mistrial motion based on prosecutorial misconduct for abuse of discretion. State v. Rodriguez, 146 Wash.2d 260, 269, 45 P.3d 541 (2002). A prosecutor engages in misconduct if he makes improper comments and a substantial likelihood exists of the improper comments affecting the verdict. State v. Dhaliwal, 150 Wash.2d 559, 578, 79 P.3d 432 (2003). Reversal is not required if the defendant failed to request a jury instruction that could have cured any prejudice. Id.
¶ 18 During closing arguments, a prosecutor may argue points of law that are included within the court's jury instructions and he may comment on a witness's veracity. State v. Perez-Cervantes, 141 Wash.2d 468, 475, 6 P.3d 1160 (2000); State v. Fiallo-Lopez, 78 Wash.App. 717, 730-31, 899 P.2d 1294 (1995). A prosecutor may not, however, directly or indirectly state a personal belief that a witness was telling the truth. State v. Reed, 102 Wash.2d 140, 145, 684 P.2d 699 (1984).
¶ 19 Here, Mr. Sandoval objected after the deputy prosecutor began explaining the Rules of Evidence. He objected again after the deputy prosecutor told the jury that certain hearsay statements were admissible because they were deemed reliable. He approached the bench and moved for a mistrial, arguing the deputy prosecutor's comments essentially vouched for the witness's credibility. The court denied the motion. The court did not rule on or instruct the jury in response to Mr. Sandoval's objection. The State concedes the argument was "a bit clumsy," but argues that is all. State's Response Br. at 20.
¶ 20 First, Mr. Sandoval has not shown the deputy prosecutor's comments vouched for the witness's credibility since the deputy prosecutor did not directly or indirectly state a personal belief that a witness was telling the truth. Fiallo-Lopez, 78 Wash.App. at 730-31, 899 P.2d 1294. A prosecutor can tell the jury to believe one witness over another. Emphasizing the reliability of one witness over another is not witness vouching.
¶ 21 Second, even if the deputy prosecutor's comments could be viewed as vouching, Mr. Sandoval fails to show reversible prejudice. The court instructed the jury it was the sole judge of witness credibility and the weight to be assigned to the evidence and that it should disregard any attorney comments not supported by the evidence or the law; Mr. Sandoval did not request a separate curative instruction. Dhaliwal, 150 Wash.2d at 578, 79 P.3d 432; Foster, 135 Wash.2d at 472, 957 P.2d 712. We presume the jury followed the court's instruction. State v. Swan, 114 Wash.2d 613, 661-62, 790 P.2d 610 (1990).
¶ 22 Third, the trial court is in the best position to decide whether prejudice results in the context of trial. State v. Lewis, 130 Wash.2d 700, 707, 927 P.2d 235 (1996). A trial court should not grant a mistrial except when "nothing short of a new trial can insure that the defendant will be tried fairly." Id. Given the brief portion of argument involved and the court's instructions, we are not persuaded the trial court abused its discretion in denying Mr. Sandoval's mistrial motion.
¶ 23 Affirmed.
I CONCUR: KATO, J., Pro Tem.
SCHULTHEIS, A.C.J. (dissenting).
¶ 24 I agree with the majority that a prosecutor in closing argument may address the legal issues set forth in the instructions. Majority at 275. But here the prosecutor's argument, which consisted of an attempt to explain the Rules of Evidence and the reliability of hearsay evidence, was far afield of the court's instructions, conflicted with the instructions, and was confusing to the jury. And the trial court's initial ruling as well as its subsequent failure to rule lent legitimacy to the erroneous legal argument. Based on these errors, Mr. Sandoval was denied a fair trial. I must, therefore, respectfully dissent.
¶ 25 Erik Sandoval argues that the deputy prosecutor made two improper remarks in her closing argument: first she attempted to explain the Rules of Evidence and the excited utterance exception to the hearsay rule *276 and, second, she stated that evidence admitted under the hearsay exception is "deemed reliable."[1] The trial judge overruled Mr. Sandoval's objection to the first remark and he did not rule on the second remark in front of the jury, but he denied Mr. Sandoval's motion for mistrial during a bench conference.
¶ 26 Upon the first objection to the evidentiary rule discourse, the trial judge ruled that the deputy prosecutor was free to explain the Rules of Evidence as long as the argument did not "distract" from the court's instructions. Report of Proceedings (Dec. 9, 2004 afternoon session) (RP) at 122. That is incorrect. It is a well-settled rule that counsel's statements to the jury upon the law must be limited to the law as set forth in the court's instructions to the jury. State v. Estill, 80 Wash.2d 196, 199, 492 P.2d 1037 (1972) (citing State v. Ellsworth, 40 Wash.2d 375, 242 P.2d 1019 (1952); State v. Brown, 35 Wash.2d 379, 213 P.2d 305 (1949)); State v. Perez-Cervantes, 141 Wash.2d 468, 475, 6 P.3d 1160 (2000). The Rules of Evidence are not explained in the jury instructions. And for good reasonsuch an explanation would only confuse the jury. Jurors are instructed in every civil and criminal case that evidentiary rulings are for the trial court and the jury is not to be concerned with the reasons for those rulings. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 1.02, & notes on use (2d ed. 1994) (WPIC); 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 1.02, & notes on use (5th ed.2005).
¶ 27 The deputy prosecutor went on to state that evidence admitted under the hearsay exception is "deemed reliable." See RP (Dec. 9, 2004 afternoon session) at 123. This was an incorrect statement of law that improperly emphasized the trustworthiness of the statements admitted under the hearsay exception. The reason for the excited utterance exception to the hearsay rule is not because the statement is deemed reliable. Instead, the evidence is admissibleand justifies an exemption from the preferred test of evidence by cross-examination and direct confrontationdue to circumstantial evidence of its trustworthiness. State v. Chapin, 118 Wash.2d 681, 685-86, 826 P.2d 194 (1992); State v. Davis, 141 Wash.2d 798, 845-46, 10 P.3d 977 (2000); 6 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 1747, at 195-96, § 1749, at 199 (James H. Chadbourn rev. ed.1976). Testimony admitted under the excited utterance exception is not any more or less intrinsically reliable than any other testimony. Jurors are the sole judges of the weight to apply to evidence and the credibility of witnesses. E.g., Otter v. Dep't of Labor & Indus., 11 Wash.2d 51, 57, 118 P.2d 413 (1941). See also State v. Alvis, 70 Wash.2d 969, 975-76, 425 P.2d 924 (1967) (holding that it is an improper comment on the evidence to instruct the jury in any manner that conveys a personal opinion or view of the trial court regarding the credibility, weight, or sufficiency of some evidence introduced at trial). Here, the deputy prosecutor's remarks created an impression that the hearsay witnesses' testimony was of a particular type regarded for its inherent reliability.
*277 ¶ 28 Further, the State's argument conflicted with the court's instructions that the jury is sole judge of the weight to apply to the evidence and to disregard rulings on evidence admissibility. Clerk's Papers at 42 (paraphrasing WPIC 1.02). The argument was therefore confusing to the jury. The rule restricting argument to the facts in evidence and the applicable law is intended to prevent such jury confusion. Perez-Cervantes, 141 Wash.2d at 474, 6 P.3d 1160.
¶ 29 When the prosecution argues an incorrect statement of the law not in harmony with the court's instructions to the jury and exceeds the scope of argument, and the defendant is prejudiced, reversal is warranted. State v. Davenport, 100 Wash.2d 757, 675 P.2d 1213 (1984).
¶ 30 The court's instruction concerning the nature of attorney argument did not cure the error. Having received mixed messages from the trial court's rulings and instructions, the jury was undoubtedly confused. Because the trial judge did not rule on the second objection in front of the jury or properly instruct the jury in response to the objection, the trial court expressly approved the deputy prosecutor's legal interpretation of the Rules of Evidence. So, when the deputy prosecutor immediately thereafter lent credibility to the hearsay evidence, she also communicated to the jury that her remarks are to be regarded as a correct statement of law due to the trial court's silence as tacit approval. Under these circumstances, the trial court's improper ruling and silence lent "an aura of legitimacy" to the argument. Davenport, 100 Wash.2d at 764, 675 P.2d 1213. Moreover, the trial court's incorrect ruling on the first objection and failure to rule on the second objection compounded the error. Cf. State v. Swan, 114 Wash.2d 613, 661-662, 790 P.2d 610 (1990) (finding no prejudicial error where objection was made and sustained and the jury was instructed to disregard the improper argument). Also, the denial of the motion for mistrial was based on an incorrect ruling and a failure to rule errors of which the trial judge was obviously unaware. These are untenable grounds for the denial of the motion.
¶ 31 A mistrial is warranted when a remark is so prejudicial to the jury that the defendant cannot receive a fair trial. State v. Weber, 99 Wash.2d 158, 165, 659 P.2d 1102 (1983). Here, because Shawn Thacker did not testify, the credibility of the other witnesses was critical. Thus, the comments likely affected Mr. Sandoval's right to a fair trial and I cannot say that the comments did not affect the jury's verdict. See Davenport, 100 Wash.2d at 762, 675 P.2d 1213 ("a case will not be reversed for improper argument of law by counsel unless such error is prejudicial to the accused, State v. Estill, [80 Wash.2d] at 200 [492 P.2d 1037], and only those errors which may have affected the outcome of the trial are prejudicial").
¶ 32 Because I believe Mr. Sandoval was prejudiced by the deputy prosecutor's improper remarks and the court abused its discretion by failing to grant a mistrial, I would reverse.
NOTES
[1] The following exchanges occurred during the State's closing argument:

I told you in voir dire, we talked about it, that probably the victim was not going to join in this prosecution so you were allowed to hear from her sister and from the doctor what happened that day, and the reason that is allowed is because there is a book called the Rules of Evidence. That is what we have to abide by any time we are doing courtroom work.
And these Rules of Evidence allow for certain types of exceptions to the hearsay rule. You saw two of those in this trial. You saw that exception of excited utterances.
[DEFENSE COUNSEL]: I am going to object at this point. I don't know if we need to approach, but I think it is inappropriate to explain the Rules of Evidence. The jury has the rulings of the Court and it may be an unfair comment on the evidence that comes in, and I think the evidence speaks for itself.
THE COURT: In argument the attorneys can select evidence and instructions and apparently contrast those if they don't distract from the instructions that have already been given. Continue.
[DEPUTY PROSECUTOR]: Thank you, Your Honor.
Those exceptions are allowed because they have been deemed reliable.
[DEFENSE COUNSEL]: Objection, if we may approach.
Report of Proceedings (Dec. 9, 2004 afternoon session) at 122-23.