[No. 15512–1–I.  Division One.  August 20, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. KIRSTEN DAUTH ASHURST, *Appellant*.

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Leslie, Deputy,* for respondent.

WEBSTER, J.—Kirsten Ashurst was convicted of forgery in King County Superior Court, Juvenile Division. She appeals her conviction on two grounds: First, she contends that the court improperly admitted, in the absence of independent corroborating evidence of the crime of forgery, (1) her written confession, and (2) out–of–court statements made by Ashurst to an acquaintance of hers. Second, she contends that the court erred in admitting hearsay statements written on the back of a canceled check.

Ashurst was charged with forging a check which was cashed at a grocery store. Over defense counsel's objection that the prosecution had not established the corpus delicti of forgery, the court admitted Ashurst's written confession to the crime. In her confession, Ashurst admitted signing a fictitious name ("Linda Johnson") on the check and receiving cash and groceries from the store.

Along with the defendant's statement, the court heard the following testimony: An acquaintance of Ashurst testified that Ashurst asked him to cash a check drawn on a California bank and made payable to a "Linda Johnson". Because he knew the defendant as "Kirsten Ashurst", he questioned her about the name discrepancy. He testified, over defense counsel's corpus delicti objection, that Ashurst told him in response that "Linda Johnson" was her sister's name, and that she had used her sister's name to get a job because she (Ashurst) was underage. He watched as

Ashurst endorsed the check over to him, signing the name "Linda Johnson".

The two then went to a grocery store where they exchanged the check, in the amount of $238.67, for $142.08 worth of groceries and the balance in cash. Ashurst took both the groceries and the cash.

The director of the store that accepted the check testified that the check was returned unhonored by the California bank on which it was drawn. The check was stamped, he testified, "cannot locate account". Defense counsel objected to the statement "cannot locate account", but the objection was overruled.

The prosecution offered the check itself in evidence later during the trial. The court admitted the check with the condition that it would ignore as hearsay those markings on the check that "[had] not been testified to."

### THE CORPUS DELICTI CORROBORATION RULE

■ An extrajudicial admission or confession may not be considered by the trier of fact unless the prosecution has prima facie established the corpus delicti[1] of the crime by independent evidence. *State v. Lutes,* 38 Wn.2d 475, 230 P.2d 786 (1951); *State v. Meyer,* 37 Wn.2d 759, 226 P.2d 204 (1951); *State v. Hamrick,* 19 Wn. App. 417, 576 P.2d 912 (1978). The independent evidence need not show the corpus delicti beyond a reasonable doubt or by a preponderance of the evidence: "'Prima facie' in this context means only that there must be evidence of sufficient circumstances which would support a logical and reasonable deduction of the fact sought to be proved . . .". *State v. DePriest,* 16 Wn. App. 824, 826, 560 P.2d 1152 (1977). *See State v. Lutes, supra; State v. Meyer, supra; State v.*

---

[1]Corpus delicti is defined as the body of the crime, and includes two elements: the act forming the basis of the charge and the criminal agency of the act, *State v. Lutes,* 38 Wn.2d 475, 482, 230 P.2d 786 (1951). The term is used in two distinct senses. As a general rule, corpus delicti means that the prosecution must present a case sufficient to go to the jury. The term is also used, as here, to refer to the need for corroboration of a defendant's confession. *See Bremerton v. Corbett,* 42 Wn. App. 45, 708 P.2d 408 (1985), *aff'd,* 106 Wn.2d 569 (1986).

*Hamrick, supra.* The purpose of the corroboration is to insure the reliability of out–of–court self–incriminating statements. *State v. Hamrick, supra; see Smith v. United States,* 348 U.S. 147, 153, 99 L. Ed. 192, 75 S. Ct. 194 (1954).[2]

Thus, the trial court's consideration of Ashurst's statement was proper if the prosecution made a prima facie showing of the corpus delicti of forgery. Under RCW 9A.60.020(1)(a), the crime of forgery occurs when one falsely makes, completes or alters a written instrument with intent to injure or defraud. The signing of a fictitious name on a check with intent to injure or defraud is included within the definition of forgery. *State v. Lutes, supra* at 480–81. However, one may adopt or assume a fictitious name, if it is for an honest purpose. *State v. Lutes, supra.*

Ashurst argues for reversal on the ground that the State failed to produce evidence, independent of her statement, which indicates that she was not authorized to sign the name "Linda Johnson". She analogizes her case to *State v. Hiser,* 51 Wn.2d 282, 317 P.2d 1072 (1957), where the prosecution did not present evidence that the defendant was not authorized to sign the checks he was accused of forging. Refusing to draw inferences from the circumstantial evidence presented, the *Hiser* court found a lapse in the proof as to whether the checks were genuine, and accordingly

---

[2]Criticism of the corroboration rule indicates that it should be narrowly construed. This court, for instance, has questioned the continuing need for the corroboration rule given the development of other safeguards, such as the doctrine of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), against unreliable confessions. *State v. Hamrick,* 19 Wn. App. 417, 419, 576 P.2d 912 (1978). The court concluded that it was best to retain the rule to protect against potential police abuses. *Hamrick,* at 420. In *Bremerton v. Corbett, supra,* this court also held that corroboration is required only for admissions elicited by police questioning in circumstances requiring *Miranda* warnings. 42 Wn. App. at 51.

The United States Supreme Court has also recognized the usefulness of the corroboration rule, but warns: "[B]ecause this rule does infringe on the province of the primary finder of facts, its application should be scrutinized lest the restrictions it imposes surpass the dangers which gave rise to them." *Smith v. United States,* 348 U.S. 147, 153, 99 L. Ed. 192, 75 S. Ct. 194 (1954).

reversed the defendant's conviction. *Hiser,* at 283.

*State v. Hiser* differs, however, from the case sub judice. The issue in *Hiser* was whether the evidence was sufficient to take the case to the jury; no confession was involved. The issue in this case is whether sufficient proof was presented to allow the admission of Ashurst's statements into evidence. In *State v. Fagundes,* 26 Wn. App. 477, 483–84, 614 P.2d 198, 625 P.2d 179 (1980), this court explained the difference:

> [C]orpus delicti must be considered for two purposes— first, the level of proof necessary prior to admission of defendant's statement and, second, the level of proof necessary to take the case to the jury. In the latter instance, the facts contained in a confession can be considered on the question of whether there is substantial evidence that the crime was committed and that defendant was the perpetrator. In the first instance, however, the level of proof necessary is not so rigorous. The evidence in this case is sufficient because the facts established support a logical and reasonable deduction that the crimes had, in fact, been committed.

Likewise, the evidence adduced at Ashurst's trial, independent of her admissions, logically and reasonably leads to the conclusion that a crime had been committed. Ashurst's acquaintance testified that he knew the appellant as Kirsten Ashurst and that he saw her sign the name "Linda Johnson" on the check. The store director testified that the check was returned unhonored by the bank. While the circumstances may have an innocent construction, they nonetheless suggest the commission of a crime. *See People v. Gutkowsky,* 219 Cal. App. 2d 223, 33 Cal. Rptr. 79 (1963). Ashurst's confession furnishes the key to the commission of that crime and the independent evidence presented provides her statement with the indicia of reliability envisioned by the corpus delicti corroboration rule. Therefore, Ashurst's admissions were properly admitted.

## HEARSAY

The check in question was returned to the store which cashed it stamped "cannot locate acct." and "endorsement

cancelled", along with notations indicating dates and that the check was presented for payment. With regard to the check, the following colloquy took place at trial:

Q. [by prosecuting attorney]: Was the check subsequently honored by the bank it was written upon?

MR. BOOKSTON [defense attorney]: Your Honor, that is a point in contest, your Honor, and I would ask the Court—

THE COURT: The objection is overruled, Mr. Bookston, the witness can answer that question.

A. [Store director]: The check was returned to me "Cannot locate account."

MR. BOOKSTON: I would object, hearsay.
* * *

THE COURT: The objection is noted, counsel, and overruled.

Later at trial the State sought to introduce the check itself into evidence. Again the defense made a hearsay objection. The trial court this time held:

THE COURT: I think it is hearsay, I will ignore those parts [of the check] that have not been testified to. Thank you, the exhibit is admitted with that condition.

The court correctly found that the statements "cannot locate acct." and "endorsement cancelled" constitute hearsay. "Hearsay" is defined as

a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

ER 801(c). The admission into evidence of the statements on the check would serve no purpose in this case other than to prove the truth of the matters asserted—that the bank was unable to locate the account upon which the check was drawn. Hearsay is not admissible unless it comes within a specific exception of the court rules or a statute. ER 802. The stamped statements here come within none of these exceptions and their admission would therefore be improper. *See* 5A K. Tegland, Wash. Prac. § 333 (2d ed. 1982 & Supp. 1986).

The record is unclear, however, as to the court's

attention to the notations. Assuming, arguendo, that the trial court did consider the hearsay notations, the question then becomes whether that consideration provides grounds for reversal. The Washington Supreme Court has held that an evidentiary ruling in violation of the hearsay rule is not a constitutional error. *State v. Tharp,* 96 Wn.2d 591, 637 P.2d 961 (1981). Where an error is not of constitutional magnitude, it requires reversal only if, within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred. *State v. Kelly,* 102 Wn.2d 188, 199, 685 P.2d 564 (1984); *State v. Tharp, supra.*

In Ashurst's confession she admitted that she was without authority to endorse the check. The testimony of Ashurst's acquaintance, together with that of the store director, provided the confession with sufficient corroboration. The statements on the check were unnecessary in that regard. Further, the stamped notations are merely repetitive of Ashurst's confession and the store director's testimony that the check was returned unhonored. Therefore, even if considered by the court, the hearsay notations would have had no material effect on the trial's outcome and their admission would be harmless error.

The conviction is affirmed.

SCHOLFIELD, C.J., and PEKELIS, J., concur.