[No. 12242-5-III.    Division Three.    January 25, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT L. BILES, *Appellant.*

*Robert L. Biles,* pro se, and *Eric R. Weston,* for appellant.
*John D. Knodell, Prosecuting Attorney,* for respondent.

SWEENEY, J. — Robert L. Biles appeals the judgment, entered after a bench trial, that he is guilty of one count of first degree rape of a child. He contends there was insufficient evidence that penetration occurred. We affirm.

Mr. Biles and his wife Tracy had one daughter, born in 1985, and one son, born in 1987. When the daughter was 3 or 4 years old, Mrs. Biles talked to her about inappropriate touching. A few weeks later, the daughter told Mrs. Biles that Mr. Biles had "touched her privates". Mrs. Biles reported this to the police, but no corroborative evidence was found; the police advised her just to watch the children for a while.

Several months later, Mrs. Biles arrived home to find her daughter on the bed crying. The daughter said that Mr. Biles had just touched her again. Mrs. Biles rushed her daughter to the hospital, but no medical evidence of the incident was discovered.

Mrs. Biles thereafter divorced Mr. Biles and took the children with her. She sought counseling for her daughter, and the counselors contacted Child Protective Services (CPS). CPS caseworker Martha Monek investigated the case, and in March 1991 she and police chief Larry Groom interviewed the daughter. She stated that her father "had touched her pee pee with his pee pee". When asked to describe her father's genital organ, the daughter said it was hard, and that after the incident it felt wet.

Initially, Mr. Biles denied the child abuse allegations, but he later admitted to police that he had sexually abused his

daughter on at least four occasions and his son on at least two occasions. He admitted barely going into his daughter's sexual organs at least once.

Mr. Biles was charged with two counts of first degree rape of a child and four counts of child molestation in the first degree. He stipulated to the admission of the statements he made to the police. Later, the court held a *Ryan*[1] hearing to determine the admissibility of the daughter's out-of-court statements made to Mrs. Biles and Ms. Monek. At the *Ryan* hearing, the daughter was asked if her father ever went inside her privates and she said no. She said that she had told her mother and Ms. Monek about the bad touching her father had done to her. The court ruled that the daughter's statements to her mother and Ms. Monek were admissible.

Mr. Biles waived his right to a jury trial and proceeded to a bench trial. There, the parties stipulated to the evidence introduced at the *Ryan* hearing and focused on whether the evidence was sufficient to prove the corpus delicti — specifically, penetration. The trial court held that there was sufficient evidence to support the corpus delicti as to one count of rape of a child in the first degree and one count of child molestation in the first degree, but found insufficient evidence to support the corpus delicti on the remaining four charges.

The court then found Mr. Biles guilty of one count of rape of a child in the first degree and one count of child molestation in the first degree. The court gave Mr. Biles standard range sentences of 120 months and 67 months, respectively, to run concurrently. Mr. Biles timely appealed, challenging only the conviction for first degree rape of a child.

The principal question Mr. Biles raises on appeal is whether the State presented sufficient evidence of the corpus delicti — in this case, penetration[2] — to establish that a

---

[1]*State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984).

[2]The disputed charge is rape of a child in the first degree. This crime is defined as follows:

first degree rape of a child in fact occurred. We hold that the evidence was sufficient to establish the corpus delicti.

■ The courts have long held that a confession alone is not sufficient to establish the corpus delicti of a crime unless it is corroborated by independent proof. *State v. Riley*, 121 Wn.2d 22, 32, 846 P.2d 1365 (1993); *State v. Smith*, 115 Wn.2d 775, 781, 801 P.2d 975 (1990); *Bremerton v. Corbett*, 106 Wn.2d 569, 574, 723 P.2d 1135 (1986); *State v. Ryan*, 103 Wn.2d 165, 178, 691 P.2d 197 (1984); *State v. Meyer*, 37 Wn.2d 759, 763, 226 P.2d 204 (1951); *State v. Ashurst*, 45 Wn. App. 48, 50, 723 P.2d 1189 (1986); *State v. Frey*, 43 Wn. App. 605, 613, 718 P.2d 846 (1986).

The independent proof need not establish the corpus delicti beyond a reasonable doubt, or even by a preponderance of the evidence; it need only support a logical and reasonable inference that the crime occurred. *Riley*, at 32; *Smith*, at 781; *Corbett*, at 578-79; *Ryan*, at 178; *Meyer*, at 763-64; *Ashurst*, at 50; *Frey*, at 613. *See also State v. Cobelli*, 56 Wn. App. 921, 924, 788 P.2d 1081 (1989); *State v. Hunt*, 48 Wn. App. 840, 849, 741 P.2d 566, *review denied*, 109 Wn.2d 1014 (1987).

■ The courts have found that complaints of genital pain during sexual contact are sufficient corroborating evidence of sexual abuse. *State v. Swan*, 114 Wn.2d 613, 638, 790 P.2d 610 (1990), *cert. denied*, 498 U.S. 1046 (1991); *People v. Helton*, 195 Ill. App. 3d 410, 415, 552 N.E.2d 398, 403, *appeal denied*, 133 Ill. 2d 565 (1990); *State v. Hardin*, 691 S.W.2d 578, 580 (Tenn. Crim. App. 1985).

In this case, the parties have stipulated that Mr. Biles made the following statements in response to the following questions:

> [OFFICER] KERNAN: OK. Did you penetrate her, Robert?
>
> ROBERT [BILES]: Well, from what they qualify as penetrating, just, you know, going, just barely into, just skimmed (inaudible), I would say that . . .
>
> . . . .

---

"A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." RCW 9A.44.073(1). Sexual intercourse occurs upon any penetration, however slight. RCW 9A.44.010(1)(a).

KERNAN: And was there penetration on each, each time?

ROBERT: No. Not every time.

The corroboration of Mr. Biles' admissions comes from child hearsay testimony which was admitted pursuant to RCW 9A.44.120. Mr. Biles does not contest the admissibility of this evidence. Ms. Monek was allowed to testify regarding the child's out-of-court statements as follows:

Q: What did she tell you that her father had done to her?

A: At that time she told me that daddy had touched her pee pee with his pee pee. And I did some specific questioning about how it felt and she said he hurt her. She described the male genital organ. When I asked her if it felt hard or soft she said it was hard. I asked her how it felt after and she said it was wet.

Q: Did she say anything about penetration?

A: She indicated that it hurt her and she cried.

The child's hearsay statements, given through Ms. Monek, are sufficient to corroborate Mr. Biles' confession. They support the logical and reasonable inference that penetration occurred; hence, there was sufficient evidence of the corpus delicti.

Finally, Mr. Biles contends pro se that a 5-year sentence is long enough for him to pay his debt to society, and it would be more constructive for him to get help from a doctor than remain in jail for 10 years.[3]

A sentence within the standard range for the offense shall not be appealed. RCW 9.94A.210(1). As a matter of law, a standard range sentence is not an abuse of discretion, and there can be no right to appeal that aspect of the sentence. *State v. Ammons*, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); *State v. Mail*, 121 Wn.2d 707, 710, 854 P.2d 1042 (1993).

There is no question that Mr. Biles' 120-month sentence was within the standard range for the offense; indeed, it was the lowest sentence possible within the standard range.[4] Therefore, he has no right to appeal on this issue.

---

[3]In his pro se brief, he again admits that he committed the crimes with which he was charged.

[4]The trial court calculated the standard range as 120 to 158 months.

Affirmed.

THOMPSON, C.J., and SCHACHT, J. Pro Tem., concur.

Review denied at 124 Wn.2d 1011 (1994).