[No. 15604-4-III. Division Three. March 3, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. KARL DUANE ACKERMAN, *Appellant*.

478

*Paul J. Wasson*; and *Donald D. Hackney* of *Hackney, Peven, Schwartz*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

KATO, J. — Karl Ackerman was convicted of second degree child molestation. The court imposed a Special Sexual Offender Sentencing Alternative (SSOSA) sentence. Contending the court erroneously admitted (1) hearsay testimony based upon the alleged unavailability of the victim; (2) his confession; and (3) privileged testimony from his counselor, he appeals. Mr. Ackerman also contends the evidence was insufficient to support his conviction. We affirm.

On February 2, 1996, the State charged Mr. Ackerman with one count of second degree child molestation. The information alleged that between October 1, 1994, and October 9, 1995, Mr. Ackerman molested P.K., his stepdaughter, who was born November 25, 1981.

The court held hearings on several pretrial motions. The court determined that P.K. was unavailable to testify so the State could introduce certain hearsay statements at trial. The court also admitted Mr. Ackerman's confession. Although he contended the admission of his confession violated the corpus delicti rule, the court concluded the rule was met by the admissible hearsay statements.

Mr. Ackerman waived his right to a jury. At the conclu-

sion of bench trial, the court found Mr. Ackerman guilty of second degree child molestation. P.K. appeared at the sentencing hearing and asked the court for leniency. Although concluding Mr. Ackerman manipulated P.K.'s not appearing at trial, the court imposed a SSOSA sentence. Mr. Ackerman appeals.

Finding P.K. unavailable, the court considered the admission of several hearsay statements under the fact of complaint doctrine. One of P.K.'s classmates testified P.K. told her in October 1995 that she had been sexually abused. Another classmate said P.K. informed him in November or December 1995 that she was abused. P.K.'s school counselor also testified that in October 1995, P.K. said she had been abused. Under the fact of complaint doctrine, the court admitted these hearsay statements. It also permitted Melinda Stafford, P.K.'s treatment counselor, to testify.[1] Ms. Stafford stated P.K. told her that Mr. Ackerman had fondled her breasts over the last year. The court admitted this testimony under the medical treatment exception. Mr. Ackerman contends the admission of the hearsay testimony was error.

■ The trial court's decision on the admissibility of evidence may be reversed only on a showing of manifest abuse of discretion. *State v. Quigg*, 72 Wn. App. 828, 835, 866 P.2d 655 (1994). Mr. Ackerman has shown no such abuse here.

■ The fact of complaint or "hue and cry" doctrine is a case law exception to the hearsay rule. *State v. DeBolt*, 61 Wn. App. 58, 63, 808 P.2d 794 (1991). It allows the State in a sex offense case to present evidence in its case in chief that the victim made a timely complaint to someone after the assault. *State v. Alexander*, 64 Wn. App. 147, 151, 822 P.2d 1250 (1992). Details of the complaint and the identity of the offender are not permitted. *Id.*

---

[1]Mr. Ackerman contends Ms. Stafford was precluded from testifying because her communications with P.K. were privileged. Under RCW 18.19.180(3), the privilege is waived when information acquired is from a minor who was the victim of a crime. RCW 18.19.180(3) allows the counselor to testify fully in proceedings regarding the crime. Ms. Stafford's testimony was not privileged.

In the pretrial hearing on admissibility, P.K.'s school-mates and the school counselor testified P.K. made a complaint of abuse and they further provided details of her statements. But at trial, the court allowed only testimony that P.K. stated she had been abused. These statements establishing that she made timely complaints were properly admitted under the fact of complaint doctrine. *DeBolt*, 61 Wn. App. at 63.

The court admitted Ms. Stafford's comments under the medical treatment exception to hearsay. Regardless of the availability of the declarant, the hearsay rule does not exclude "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." ER 803(a)(4). Statements made to counselors in child abuse or rape situations are encompassed by this exception. *See State v. Sims*, 77 Wn. App. 236, 239, 890 P.2d 521 (1995); *State v. Florczak*, 76 Wn. App. 55, 65, 882 P.2d 199 (1994), *review denied*, 126 Wn.2d 1010 (1995); *State v. Bishop*, 63 Wn. App. 15, 24-25, 816 P.2d 738 (1991), *review denied*, 118 Wn.2d 1015 (1992). Statements attributing fault to a member of the victim's immediate household may be reasonably pertinent to treatment and are thus admissible because it is "relevant to the prevention of recurrence of injury." *State v. Butler*, 53 Wn. App. 214, 221, 766 P.2d 505, *review denied*, 112 Wn.2d 1014 (1989). Moreover, identity is important since child abuse can involve psychological as well as physical injury and there is a risk of further injury if the child and the abuser live in the same household. *State v. Ashcraft*, 71 Wn. App. 444, 859 P.2d 60 (1993).

Ms. Stafford, P.K.'s counselor, said P.K. related to her that Mr. Ackerman had fondled her breasts and kissed her. P.K. also told Ms. Stafford the incidents had been going on for one year and occurred in the home. The counselor indicated the goal of the family was to reunify. P.K.'s statements to her were made for purposes of medical treatment.

Moreover, attribution of fault to Mr. Ackerman was relevant in the context of the clinical goal to reunify the family. *See Sims*, 77 Wn. App. at 240. The court properly admitted Ms. Stafford's testimony under ER 803(a)(4).

Mr. Ackerman nonetheless contends that these hearsay statements were inadmissible because he was denied his right of confrontation when the State failed to show P.K. was unavailable or her statements were reliable.

■ The confrontation clause of the Sixth Amendment, made applicable to the states by the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *Idaho v. Wright*, 497 U.S. 805, 813, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990). The confrontation clause of the Washington Constitution guarantees the accused the right "to meet the witnesses against him." Const. art. 1, § 22 (amend. 10). The protection afforded by both clauses is identical. *Florczak*, 76 Wn. App. at 71.

■ As originally interpreted, the federal confrontation clause required the state to either produce the declarant or show that the declarant was unavailable as a witness. *Florczak*, 76 Wn. App. at 68 (citing *Wright*, 497 U.S. at 814). Once a witness was shown to be unavailable, the state also had to show the witness's statements bore adequate indicia of reliability to be admissible. *Id*. But in *White v. Illinois*, 502 U.S. 346, 112 S. Ct. 736, 116 L. Ed. 2d 848 (1992), the Supreme Court held that a declarant's hearsay statement may be admissible, even if the declarant is available as a witness but does not testify, as long as the statement's reliability is demonstrated. When the proffered testimony has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule or is supported by a showing of particularized guarantees of trustworthiness, the Confrontation Clause is satisfied. *Wright*, 497 U.S at 816 (citing *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980)).

■ The court admitted P.K.'s statements to her mental

health therapist, Ms. Stafford, pursuant to the hearsay exception for medical treatment. ER 803(a)(4). This is a firmly rooted exception to the hearsay rule and satisfies the reliability requirement. *White*, 502 U.S. at 355 n.8; *Florczak*, 76 Wn. App. at 68.

The trial court found P.K. was unavailable for purposes of admitting hearsay under the fact of complaint doctrine. But if her hearsay statements bear adequate indicia of reliability, they are admissible notwithstanding her availability as a witness.[2] *White*, 502 U.S. at 353-54.

The trial court did not find, nor is there a claim, that the fact of complaint doctrine is a firmly rooted exception to the hearsay rule. The reliability of P.K.'s statements must thus be supported by particular guarantees of trustworthiness. Those guarantees must be drawn from the totality of the circumstances surrounding the making of the statements and must render the declarant particularly worthy of belief. *Wright*, 497 U.S. at 820. The record details these circumstances. P.K.'s statements were spontaneous and initially made to two classmates who were good friends of hers. They noticed she had appeared sad and uncomfortable that day. No one prompted her to make the complaints of sexual abuse. P.K. was upset and crying when she made her statements to the school counselor, whom she did not want to see. There was no reason for P.K. to lie about the abuse. The totality of the circumstances demonstrates there were particularized guarantees of trustworthiness supporting her statements, which went only to the fact P.K. made a complaint and revealed nothing about details of the abuse or the identity of the offender. Mr. Ackerman was not denied his right to confrontation under the federal and state constitutions by admission of the hearsay statements under the fact of complaint doctrine. *See Florczak*, 76 Wn. App. at 68-70.

---

[2]In the context of RCW 9A.44.120, the child hearsay statute, the court in *State v. Rohrich*, 132 Wn.2d 472, 480, 939 P.2d 697 (1997), stated that "the Confrontation Clause requires the testimony to be presented in court by the witness first unless the witness is unavailable . . . ." Because that statute is not at issue here, *Rohrich* is distinguishable.

 ██ Assuming the hearsay was inadmissible, Mr. Ackerman claims the court erred by admitting his confession in violation of the corpus delicti rule.[3] However we have already determined that the hearsay statements were properly admitted under the medical treatment exception and fact of complaint doctrine and that their admission did not violate the right to confrontation. Under the corpus delicti rule, the court may not consider a defendant's confession or admission unless the State has established the corpus delicti through independent proof. *State v. Ray*, 130 Wn.2d 673, 679, 926 P.2d 904 (1996). The independent proof need not establish the corpus delicti beyond a reasonable doubt, or even by a preponderance of the evidence; it need only support a logical and reasonable inference the crime occurred. *State v. Riley*, 121 Wn.2d 22, 32, 846 P.2d 1365 (1993). To establish the corpus delicti of second degree child molestation, the State had to establish, independent of Mr. Ackerman's confession, that he touched P.K.'s intimate parts. RCW 9A.44.010(2); RCW 9A.44.086; *Ray*, 130 Wn.2d at 679.

 Admissible hearsay statements are sufficient to corroborate a confession. *State v. Biles*, 73 Wn. App. 281, 285, 871 P.2d 159, *review denied*, 124 Wn.2d 1011 (1994). P.K.'s statement to her therapist that Mr. Ackerman fondled her breasts supported the logical and reasonable inference the crime took place and was independent proof sufficient to establish the corpus delicti. *Id*. The court did not err by admitting his confession.

Mr. Ackerman contends Sharon Hinze, his sex offender treatment provider, should not have been permitted to

---

[3]After having waived his *Miranda* rights (*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3D 974 (1966)), Mr. Ackerman told the investigating detective the incidents of abuse began a year earlier and usually took place in the morning while his wife was at work. He admitted touching P.K.'s breasts, stomach, hips, legs, and possibly her vagina. He touched her both on top of and underneath her clothing. Mr. Ackerman also acknowledged kissing P.K.'s legs, stomach, and bottom. These incidents took place over 150 times and were almost an everyday occurrence. Mr. Ackerman told the detective he found these activities sexually arousing.

testify[4] because he had not waived the counselor-patient privilege. He had previously signed releases allowing P.K.'s therapist, his attorney, and Child Protective Services access to his counseling file. Finding he therefore had diminished expectations of privacy, the court determined that the need to report and testify about child abuse outweighed any confidentiality concerns in any event.

Communications between a certified mental health professional and a client are confidential and privileged. RCW 18.19.180. In *State v. Warner*, 125 Wn.2d 876, 892, 889 P.2d 479 (1995), the court held that RCW 26.44.030, containing a mandatory reporting provision for cases of child abuse, trumped the statutory psychologist-client privilege. "[I]t is evident that, in its recent enactments, the legislature has attached greater importance to the reporting of incidents of child abuse and the prosecution of perpetrators than to counseling and treatment of persons whose mental or emotional problems cause them to inflict such abuse." *State v. Fagalde*, 85 Wn.2d 730, 736, 539 P.2d 86 (1975). The legislative policy objective of reporting child abuse is more important than protecting confidentiality in the treatment of abusers. *Warner*, 125 Wn.2d at 892. In furtherance of that policy, RCW 26.44.030 also takes precedence over the counselor-patient privilege.

Even absent the reporting requirements, the privilege does not apply here in any event. The counselor-patient privilege may be waived by written consent. RCW 18.19.180(1). Mr. Ackerman signed three releases. Ms. Hinze also advised him that once he was in treatment, there would be only very limited confidentiality and she would discuss "any and all information with anyone involved in the case, from the child's therapist to the child's case manager." A privilege is waived if there is a voluntary

---

[4]Ms. Hinze testified that Mr. Ackerman told her the abuse began with a morning hug and kiss. He then began to get in bed with P.K. and hold her. He put his hand in her underwear and on her bottom and rubbed her back inside her nightshirt. Mr. Ackerman told Ms. Hinze that he touched the outside of P.K.'s vagina on several occasions and brushed her breasts briefly. He made small holes in her bedroom wall and stuck a mirror under the bathroom door so he could watch her.

disclosure of the communication to a third person by the holder of the privilege. *Warner,* 125 Wn.2d at 892 n.8. Moreover, privileges are generally disfavored in criminal cases, especially those involving child sex abuse. *Id.* Under the circumstances here, Mr. Ackerman had no reasonable expectation of confidentiality in his communications to Ms. Hinze. *See In re Welfare of Henderson,* 29 Wn. App. 748, 630 P.2d 944 (1981). The court did not err by allowing her to testify.

Assuming the inadmissibility of the hearsay statements, his confession, and Ms. Hinze's testimony, Mr. Ackerman claims there was thus insufficient evidence he was guilty of second degree molestation. But since we have decided this evidence was properly admitted, his claim must fail.

The test for determining the sufficiency of the evidence is whether any rational trier of fact, after viewing the evidence in a light most favorable to the State, could find guilt beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980). All reasonable inferences from the evidence must be drawn in the State's favor and interpreted most strongly against the defendant. *State v. Partin,* 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977). In claiming insufficiency, the defendant admits the truth of the State's evidence. *State v. Salinas,* 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Mr. Ackerman's confession along with the testimony of Ms. Stafford and Ms. Hinze were more than sufficient evidence to support his conviction of second degree child molestation.

Affirmed.

SCHULTHEIS, C.J., and BROWN, J., concur.